in this matter. I thank the Court for the opportunity to present argument in this case. Last week, the Court directed the parties to address the Ninth Circuit's recent opinion in the U.S. v. Combs case. I've had the opportunity to review that case. And unless the Court has any other preliminary questions at this point, I'll address the Combs case now. It does not appear that the opinion in Combs overrules the standard two-part test that was set forth in U.S. v. Cantrell with respect to the review of sentences following a limited ameline remand, where the district court on remand indicates that it would have imposed the same sentence had it known that at the time the guidelines were simply advisory. While the dissent questions the scope or breadth of the reasonableness review in cases with similar facts to the I have a question. Judge Kaczynski, in his Combs opinion, indicated at no time during the first appeal did the defendant challenge the reasonableness of his sentence. Our ruling today applies only to defendants in Combs' particular situation. Now, is this a non-preserved Booker error in your case? Your Honor, it is a non-preserved Booker error, but in this case, the defendant did specifically preserve and raise the reasonableness of the underlying sentence. And when did he do that? He did that in the original appeal by challenging the Court's underlying rulings that predicated the stipulation upon which the ultimate sentence was based in the original sentencing hearing. So the issue was specifically briefed and raised. The reasonableness of the sentence was raised during the original sentencing hearing or, excuse me, during the original appeal. And for that reason, our position is that the somewhat limited approach reasonableness review that Judge Kaczynski references in the Combs opinion is not applicable here, that we don't fall in the same set of circumstances. Was there any reference to Apprendi or Blakely or any of those? I'm sorry, Your Honor? Was there any reference to Apprendi or Blakely as being the reason why was the sentence improper? Well, I believe Blakely was cited in the original brief. My understanding of the timing of the original sentence, he was sentenced before Blakely was even decided. He appealed before Blakely was decided, but I believe that by the time he was decided he was in the district court. And I believe that Blakely was cited before Apprendi, I guess. Yes, not before Apprendi. You're correct. You're correct. I believe that they did cite Blakely in the original appeal briefs and raised. Well, that's in the appeal briefing, but I'm talking about before the district court. Well, before the district court, Blakely and Booker had not ever been decided. I know that. Yes. Well, I didn't know Blakely for sure, but Apprendi was. Yes. Apprendi was. So what I'm wondering, is it enough just to provide that there is unreasonableness in the sentence, or do you have to have raised something akin to Apprendi or Blakely? Well, it would be our position, Your Honor. I don't believe that you would have to specifically articulate Apprendi itself or reference Apprendi in the argument if what you're arguing, in essence, is that the reason the sentence itself is inappropriate because of the underlying rulings that the court made. I believe that that would challenge the reasonableness of that sentence. And so I don't believe that you would have to specifically reference the court, the case in Apprendi, and go through the specific analysis in Apprendi. So it is our position that the Combs opinion specifically does not apply. The narrow approach of the reasonableness review would not apply here. But even if it did, it is our position that the case is nonetheless a problem. If I might go back for just a moment, the under the Cantrell test, there are the two prongs, as I stated. And the first prong in the test is that the court has to determine whether or not the court properly calculated the applicable guidelines. And while I won't belabor these points as they are discussed in our brief, I would like to just touch on them briefly. It's our position, of course, that the district court did not properly calculate the guidelines here because it relied on the stipulation that was conditioned on this Court's affirmance of the district court's underlying relevant conduct rulings, upon which the stipulation and ultimately the sentence was based. Also, when the district court was given the opportunity to address the question of the conditional nature of the stipulation on remand, it relied on the doctrine of the law of the case to refuse to consider that decision, and it is our position that that was an abuse of the district court's discretion. But on remand, the district judge, I thought, pretty clearly said, it's been remanded to me to determine whether the sentence I would have given would have been the same, irrespective of the guidelines. Correct. So at that point, the guidelines fall away, and she says I would have given the same sentence, irrespective of the guidelines, even if I had known the guidelines weren't binding on me. Except that the court is this Court in a review of whether or not that decision was correct still must determine whether or not the district court properly calculated the guidelines. And without a tax loss upon which to base the guidelines sentence, there's no tax loss, because if the conditional stipulation is not valid and binding by virtue of the fact that the condition precedent or subsequent did not occur, there was no tax loss upon which to base this guidelines calculation. So had there been no tax loss, the correct calculation would have been zero, zero to six months. And here the judge imposed a 15-to-21-month range of sentence under Level 14. Are you arguing a reasonableness argument now? Well, it does go to both. These arguments seem to meld together in the two. Yeah, because we've got some problems still pending on reasonableness. Yes. Because of Karthi Zavala. And I'm just wondering where you're putting your emphasis now, because Karthi Zavala is going to be decided somewhere else. Yes, I understand. We're all waiting with bated breath about Zavala. Or are we? Let me touch on the reasonableness aspect of it, and then I might like to reserve a few moments. Moving on from whether or not the sentence was calculated correctly, which we obviously believe it wasn't, this case should be remanded because it's our view that the sentence itself was unreasonable. And this, again, is the second prong that the Combs analysis addresses, but we believe that Combs doesn't apply. Assuming that Combs does apply, it's our view that the Court's analysis here even fails the Combs test of what one is to look at. Under the Combs test, we are to determine whether or not the district court fully understood the scope of her discretion under the advisory guidelines system. And here, the Court clearly did not understand the scope of her discretion. And this is illustrated by the fact that she made no effort to move from the original sentence and, indeed, considered a factor that had never been considered at the original sentencing hearing, the original sentencing record, which is under the Ameling decision, the record that is supposed to be considered in determining whether or not, on the same record that was presented at the sentencing hearing, she would have imposed the sentence under the advisory guidelines system. In that original sentencing hearing, nothing was considered at all with respect to Mr. George's purported falsity at trial. By considering this factor on remand, it appears very clear that the Court was simply attempting to find a justification for remaining at precisely the same sentence she had originally imposed at the first sentencing hearing. Now, the second portion of the opinion in Combs specifically prohibits raising new issues and, as in Ameling, augmenting the record to consider new factors that were not considered the first time around. That portion of the Combs' opinion, we believe, would prevent the government and also the Court from raising and the Court from considering the factor of his purported falsity at trial. I can't help but think, in reading the Court's decision, that it was placing undue weight on the guidelines here and attempting just to stay within what the original guidelines had originally or had mandated under the mandatory regime. And finally, it is our position that the sentence itself is simply unreasonable. One question before you sit down. Yes, sir. He's currently incarcerated? No, he's not, Your Honor. He's been incarcerated. I see. So we're not we don't have the sentence running on him. We do not. So we can wait forever to decide what Zavallacardi means? You can. I hope you don't, but you can. Yes, Your Honor. Okay. I think we have your argument at hand. Let's hear from the other side, and then you'll have some time for rebuttal. Oh, I'm sorry. I do have one clarification question. In Baines-Salazar, Judge Fias went to considerable analytical process in determining what is preserved and what is not preserved. And my reading of that case is that there had to be some sort of a Sixth Amendment question presented by the defendant in order to preserve it. In this case, for example, Baines' Sixth Amendment arguments fail. We hold that his invocation of them in district court was sufficient to preserve a challenge to the nonconstitutional error. My reading of that case is that Judge Fias is talking entirely about whether for preservation, whether the Sixth Amendment issue was raised by the defendant or not. And I don't think it was in this case, was it? I don't believe it was, Your Honor. Okay. Thank you. May it please the Court. My name is David Denyer. I'm an assistant United States attorney in the tax division here in San Francisco. And just to begin, Your Honor, it is absolutely correct to preserve the Booker claim that the Sixth Amendment issue needs to be raised at sentencing in district court, and it wasn't in this case. And quite understandably, it couldn't have been, because this was a pre-Blakely sentencing. Consequently — It could have been raised, I guess, with Apprendi. Yes, it could have been, but it was not. Yeah. And that's clear in the record. Consequently, this case is governed by Combs, in which Judge Kaczynski set the standard of review for a limited remand under Ammaline. And that was all that this was remanded for by the prior panel, for the limited review under Ammaline, the only issue that was before the district court, notwithstanding arguments by the defense. And it was really just the two-part test under Combs. Did the district court determine that Georgia's sentence would not have been material different under advisory guidelines? I think it's clear from the record in this case that the Court understood that that was what her task was to do. And, in fact, she concluded that she would not sentence Mr. George differently under advisory guidelines. And under Combs, we cannot look beyond that. That — her statement of that is conclusive. The second issue is simply the question of whether the district court properly understood the full scope of her discretion in a post-Booker world. Another way of stating that was whether her reimposed sentence was reasonable. And Judge Kaczynski made it clear that reasonableness of — in the context of an Ammaline remand is considerably different than reasonableness under Cantrell. And it is very limited. And the question really is whether or not her ultimate determination was infected by ignorance or misapprehension of the law. Again, a review of the transcript of the hearing in the Ammaline remand makes it very clear that the district court understood what her task was. She understood that she had the discretion to sentence Mr. George outside the guidelines if she so choose. She understood that she should look at the guidelines and look at all the factors set forth in Section 353. She did that. She may not specifically have discussed each factor, but what she did do is she spent time detailing her analysis of the factors that were raised in argument. She made it very clear she understood the distinction between a departure analysis for family circumstances under the mandatory guidelines and a consideration of family circumstances under Section 353. And there's no question she did that. She made it very clear that she understood the guidelines were not presumptive. It's stated so on the record. In your view, once she states that, does that take her out of the Cardi-Zavala line of cases so we don't need to wait for Cardi-Zavala? I agree. I do not think we do. I'm asking you whether that's your position, not whether you agree. That is my position. I think this case can be decided under the Combs decision. With respect to the question of Mr. George's testimony at trial, I think you'll find in the record the transcript in April 15, 06, at page 30, that the judge states that she considered the evidence that was presented at trial, including the defendant's testimony. You know, so she did consider that at the time of the original sentencing, as common sense tells you she would do. He took the stand. He was impeached. It was clear. He was not telling the truth. And that impacted her sentencing at the time. And it was a factor which was properly considered under Section 355.3 at the Ameline remand. And that's my presentation. If there are any questions, I'd be happy to respond to any further questions. Questions? I think not. Thank you. Response? Thank you, Your Honor. We believe that the case of Combs contains a distinction between defendants who have specifically preserved their reasonableness or raised reasonableness of the original sentence and those who don't. But I don't believe, and the language of the opinion does not appear to tie that reasonableness argument to specifically the Sixth Amendment. So I think one can extrapolate from that that the challenge of the underlying sentence, because of the relevant conduct rulings in this particular case, by doing that, the defendant preserved and raised his reasonableness arguments or raised or challenged, rather, the reasonableness of the original sentence. What part of the sentence are you seeking to have changed? Well, certainly the length of the sentence and the nature of the custody. It is our position that under the state of the case as it presently exists, there is no tax loss upon which the sentence can be based. And absent a remand for an evidentiary hearing where the proper amount of tax loss can be determined, the only thing that can happen is that a proper sentence be applied, which would be a zero to six-month sentence, since there is no tax loss at this point upon which the sentence can be applied. So there's not a challenge to the amount of the fine or restitution, is there? No, there's not, Your Honor. Indeed, the fine and restitution have been paid. So it would simply be to, with respect to the length of the sentence. I see. And Cantrell, one other point about the issue of Combs. Cantrell is still controlling authority and says that the Court still must determine whether or not the district court correctly calculated the guidelines. And so we still get back to the issue of whether or not the underlying relevant conduct rulings were reasonable. But that flies in the face of Combs, though. That's correct. Okay. That's correct. With respect to the statement made by the Court. Now, you're over time. Would you have 30 seconds or so to wrap it up? Thank you, Your Honor. Thank you. Under the case of Working, U.S. v. Working, the Court is not, this Court is not to look for the possible reasons that the Court might have relied upon in making its sentence, but must look at what the Court actually said. And here the Court's record on remand is clear that it did not properly apprehend the scope and nature of the discretion it had under the advisory system. Thank you. Okay. Thank you very much. Thank both sides for their helpful argument. The case of United States v. George is now submitted for decision.
judges: Hug, Brunetti, W. Fletcher